IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY RAY SPEARS,                    :
    Plaintiff                          :
                                       :
    vs.                                : CIVIL NO. 1:CV-09-1847
                                       :
DAUPHIN COUNTY PRISON,                 :
CO. SCOTT BARLICK,
CO. DONALD FOCKLAR,                    :
    Defendants                         :

*M E M O R A N D U M*

Plaintiff, Andthony Ray Spears, an inmate at the Dauphin County Prison, Harrisburg, Pennsylvania, filed this civil rights action alleging, among other things, that a corrections officer used excessive force against him, that he was harassed by another corrections officer and that he was confined in unsanitary conditions.[1]

Plaintiff is proceeding in forma pauperis, so under 28 U.S.C. § 1915(e)(2)(B), we examine the complaint for legal sufficiency before allowing the case to proceed.[2] In doing so, we will dismiss the Dauphin County Prison from the action,

---

[1] The Plaintiff indicated that he was proceeding under 28 U.S.C. § 1331. In actuality, this case falls under 42 U.S.C. § 1983, and we will construe it as such.

[2] Under 28 U.S.C. § 1915(e)(2)(B), the court upon its own review may dismiss a complaint filed in forma pauperis. It may do so if the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* In applying this statutory screening requirement for failure to state a claim, a court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in Plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, *id.* at 231 (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S.Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on

but allow the Plaintiff to amend his complaint to include the appropriate defendant for his unsanitary conditions claim. For the remaining Defendants, we will allow the action to proceed.

As we read the complaint, there appear to be three claims asserted. The first one is for unsanitary conditions at Dauphin County Prison. The second is for harassment and failure to protect against C.O. Barlick. The third claim is for excessive force against C.O. Focklar, which occurred on May 5, 2009.

Under section 1983, a prison is not a "person." *Meyers v. Schuykill County Prison,* No. CV-04-1123, 2006 WL 559467, at *8 (M.D. Pa. Mar. 7, 2007)(McClure, J.)(citations omitted). Therefore, Dauphin County Prison will be dismissed from this action. However, prison officials are "persons" who can be held liable under section 1983. *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018 (1978). We will allow the Plaintiff to file an amended complaint, in order to name the appropriate defendant for his unsanitary conditions claim. The remaining claims are sufficiently pleaded to allow them to move forward.

Plaintiff is advised that any amended complaint must stand on its own. It must be a completely new pleading that states all of his claims, even the ones in the current complaint that were not dismissed. Any amended complaint cannot be a supplement to his original one. In other words, Plaintiff must start over.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 19, 2009

---

its face." *Twombly,* __ U.S. at __, 127 S.Ct. at 1974. "[M]ore than labels and conclusions" are required. *Id.* at __, 127 S.Ct. at 1964-65.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY RAY SPEARS, :
    Plaintiff :
:
vs. : CIVIL NO. 1:CV-09-1847
:
DAUPHIN COUNTY PRISON, :
CO. SCOTT BARLICK,
CO. DONALD FOCKLAR, :
    Defendants :

# *O R D E R*

AND NOW, this 19th day of October, 2009, upon review of the complaint under 28 U.S.C. § 1915(e)(2)(B), it is ordered that:

    1. The claim against Dauphin County Prison is dismissed. However, the Plaintiff is granted leave to amend his complaint in order to name a defendant for his unsanitary conditions claim.

    2. Plaintiff shall file his amended complaint within twenty days of the date of this order. If he fails to do so, the case will proceed on the claims remaining in the original complaint.

    3. Plaintiff's motion to proceed in forma pauperis (doc. 2) is granted.

                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge